# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **BRENT FAUCETT, #B89535,** | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 18−cv−1722−JPG |
| **PERRY COUNTY JAIL, and MAJOR DOUG,** | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Brent Faucett, an inmate in Illinois River Correctional Center, brings this action pursuant to 42 U.S.C. § 1983 for deprivations of his constitutional rights that allegedly occurred at Perry County Jail (the "Jail"). In his Complaint, Plaintiff claims Defendants subjected him to unconstitutional conditions of confinement in violation of the Fourteenth Amendment. (Doc. 1). This case is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief, must be dismissed. 28 U.S.C. § 1915A(b).

## The Complaint

In his Complaint (Doc. 1), Plaintiff makes the following allegations: from September 18, 2017 to October 11, 2017, Plaintiff was forced to sleep on the floor in the Jail because there were no open bunks. (Doc. 1, p. 6). While he was asleep on the floor, the Jail flooded with feces and urine, and Plaintiff was forced to clean it up before he could go back to sleep. *Id.* Plaintiff

1

believes the Jail was at fault for these conditions, and Major Doug, who was in charge, should also be liable. *Id.* Plaintiff seeks monetary damages. (Doc. 1, p. 7).

## Discussion

Based on the allegations of the Complaint, the Court finds it convenient to designate a single count in this *pro se* action. The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of this count does not constitute an opinion regarding its merit.

> **Count 1 –** Defendants subjected Plaintiff to unconstitutional conditions of confinement by forcing him to sleep on the floor, which flooded with urine and feces, and requiring him to clean it up, in violation of the Fourteenth Amendment.

Any other intended claim that has not been recognized by the Court is considered dismissed without prejudice as inadequately pleaded under the *Twombly* pleading standard.

The Court need not reach the merits of Plaintiff's conditions of confinement claim because he has failed to sufficiently associate any defendants with it. First, Perry County Jail is not an appropriate defendant in this case. A jail is not a "person" under § 1983. *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993). It is not a legal entity in the first place and is therefore not amenable to suit. Perry County Jail will therefore be dismissed from this action with prejudice.

Further, the doctrine of *respondeat superior* is not applicable to § 1983 actions, so Plaintiff's claim that Defendant Doug should be held liable because he was in charge is incorrect. *Sanville v. McCaughtry,* 266 F.3d 724, 740 (7th Cir. 2001) (citations omitted). Section 1983 "creates a cause of action based on personal liability and predicated upon fault . . . liability does not attach unless the individual defendant caused or participated in a constitutional deprivation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir.1996). Plaintiff has not sufficiently alleged that Doug

2

was personally involved in forcing Plaintiff to sleep on the floor and exposing him to sewage. Count 1 will therefore not proceed against him and will be dismissed without prejudice.

### Disposition

**IT IS HEREBY ORDERED** that the Complaint, **COUNT 1**, and **MAJOR DOUG** are **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted.

**IT IS FURTHER ORDERED** that **PERRY COUNTY JAIL** is **DISMISSED** with prejudice for the reasons stated herein.

**IT IS FURTHER ORDERED** that, should he wish to proceed with this case, Plaintiff shall file a First Amended Complaint, stating any facts which may exist to support a cognizable § 1983 claim, within 28 days of the entry of this order (on or before November 12, 2018). Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. APP. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g) because Plaintiff has thus far failed to state a claim upon which relief may be granted in this case.

Should Plaintiff decide to file a First Amended Complaint, it is strongly recommended that he use the forms designed for use in this District for such actions. He should label the form, "First Amended Complaint," and he should use the case number for *this* action (*i.e.* 18-cv-1722-JPG). The pleading shall present each claim in a separate count, and each count shall specify, *by name*, the defendant alleged to be liable under the count, as well as the actions alleged to have been taken by that defendant. Plaintiff should attempt to include the facts of his case in

chronological order, inserting each defendant's name where necessary to identify the actors. Plaintiff should refrain from filing unnecessary exhibits. Plaintiff should *include only related claims* in his new complaint. Claims found to be unrelated to one another will be severed into new cases, new case numbers will be assigned, and additional filing fees will be assessed.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.,* 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to a complaint. Thus, the First Amended Complaint must stand on its own, without reference to any previous pleading, and Plaintiff must re-file any exhibits he wishes the Court to consider along with the First Amended Complaint. The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A. No service shall be ordered on any defendant until after the Court completes its § 1915A review of the First Amended Complaint.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable, regardless of whether Plaintiff elects to file a First Amended Complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED**

to mail Plaintiff a blank civil rights complaint form.

**IT IS SO ORDERED.**

**DATED: October 15, 2018**

 s/J. Phil Gilbert
United States District Judge