IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| BRENT FAUCETT, #B89535, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18−cv–01722−JPG |
| | ) |
| PERRY COUNTY JAIL | ) |
| and MAJOR DOUG, | ) |
| | ) |
| Defendants. | ) |

## ORDER DISMISSING CASE

**GILBERT, District Judge:**

Plaintiff Brent Faucett filed this action pursuant to 42 U.S.C. § 1983 for unconstitutional conditions of confinement at Perry County Jail. (Doc. 1). The Complaint did not survive screening under 28 U.S.C. § 1915A and was dismissed without prejudice on October 15, 2018. (Doc. 6). Plaintiff was granted leave to file a First Amended Complaint on or before November 12, 2018. (Doc. 6, p. 3). However, he was warned that the action would be dismissed with prejudice and the assessment of a "strike" under 28 U.S.C. § 1915(g), if he failed to file an amended complaint by the deadline. *Id*.

Plaintiff missed the deadline. More than a week has passed since it expired. He has not requested an extension or filed an amended complaint. In fact, the Court has received no communication from Plaintiff since he filed his Complaint on September 13, 2018.

The Court will not allow this matter to linger indefinitely. Accordingly, this action shall be dismissed with prejudice for failure to comply with a Court Order (Doc. 5) and/or prosecute his claims. *See* FED. R. CIV. P. 41(b). The dismissal counts as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

1

**Disposition**

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice, based on Plaintiff's failure to comply with the Court Order to file a First Amended Complaint on or before November 12, 2018 (Doc. 6) and Plaintiff's failure to prosecute his claims. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994). This dismissal counts as one of Plaintiff's three allotted "strikes" within the meaning of § 1915(g).

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed. Therefore, the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. 4(a)(1)(A). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. He must list each of the issues he intends to appeal in the notice of appeal and his motion for leave to appeal *in forma pauperis*. *See* FED. R. APP. P. 24(a)(1)(C). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk's Office is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED**.

**DATED: 11/19/2018**

s/ J. PHIL GILBERT
**U.S. District Judge**